# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-40648
c/w No. 07-40609
USDC No. 4:03-CR-15
USDC No. 4:05-CV-341

Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GLEN BOLIVER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM*:

IT IS ORDERED that the mandate in *United States v. Boliver,* No. 07-40609 (5th Cir. Nov. 8, 2007) (unpublished), is RECALLED. We dismissed that appeal for lack of jurisdiction because it was determined that Glen Boliver, federal prisoner # 10328-078, filed an untimely notice of appeal. It has since come to light that Boliver filed a timely notice of appeal, which was mistakenly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sent to the clerk of this court on June 4, 2007. Inexplicably, the clerk of this court only forwarded that notice of appeal to the district court on June 19, 2008, after we dismissed Boliver's appeal. IT IS ORDERED that appeal no. 07-40609 is CONSOLIDATED with appeal no. 08-40648.

Boliver moves for a certificate of appealability (COA) to appeal from the denial of his 28 U.S.C. § 2255 motion. Boliver challenges his conviction of conspiracy to possess with intent to distribute methamphetamine. He contends that he received ineffective assistance of trial and appellate counsel in several respects. A COA may be issued only if the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a constitutional claim on the merits, a COA will be granted only if the movant "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Boliver does not contend that the district court erred by finding certain of his ineffective assistance claims waived by the appellate waiver provision in his plea agreement. He has failed to brief that issue for our consideration. *See Hughes v. Johnson,* 191 F.3d 607, 612-13 (5th Cir. 1999). He argues for the first time in his appellate COA motion that counsel was ineffective for failing to conduct interviews and failing to compel the attendance of law enforcement agents. This court does not generally consider arguments raised for the first time in a COA motion filed in this court. *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). As to Boliver's remaining claims, he has failed to make the showing necessary to obtain a COA.

MANDATE RECALLED IN APPEAL NO. 07-40609; APPEALS NO. 07-40609 AND 08-40648 CONSOLIDATED; COA DENIED.