**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-11137
c/w No. 08-10313
Summary Calendar

GUY SPARKMAN

Plaintiff-Appellant

v.

CHARLES SCHWAB & COMPANY, INC; CYBERTRADER, A Wholly Owned
Subsidiary of Charles Schwab and Company

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1457

Before SMITH, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guy Sparkman moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal was not taken in good faith. Sparkman's civil action was dismissed because Sparkman had failed to pay a monetary sanction imposed in the Eastern District of Texas.

We previously dismissed Sparkman's appeal from the same judgment in appeal no. 08-10313 because Sparkman filed an untimely notice of appeal. It

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

now appears that Sparkman filed a timely notice of appeal that was not docketed by the district court until after the district court received a copy of that notice of appeal from this court. The district court submitted the timely notice of appeal to this court to initiate appeal no. 08-11137. In light of this development, we consolidate appeals no. 08-11137 and 08-10313 and recall the mandate in case no. 08-10313. *See United States v. Boliver,* Nos. 08-40648 & 07-40609, 2009 WL 890628 (5th Cir. Mar. 31, 2009) (unpublished).

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. CIV. P. 24(a)(3), a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The motion "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court may authorize a litigant to proceed IFP on appeal if he demonstrates that he is a pauper and that his appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). This court's inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. If the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

Sparkman contends that the district court violated his right of access to the courts by enforcing the sanction imposed by the Eastern District of Texas and requiring him to provide documentary proof that he had paid the monetary sanction before allowing him to proceed. He further contends that he was deprived of due process because his action was dismissed without giving him notice and an opportunity to be heard. He also contends that the district court

relied on hearsay outside of the record, as there were no sanction orders from the Eastern District of Texas or from this court in the record.

The dismissal of a suit for failure to comply with an earlier sanction order is reviewed for an abuse of discretion. *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990). Moreover, the district court may enforce a sanction order imposed by another court, *Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998), and the enforcement of sanction orders does not deprive a litigant of his right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 355-56 (1996).

One court may take judicial notice of another district court's judicial actions. *Gray ex rel. Rudd v. Beverley Enters. Miss., Inc.,* 390 F.3d 400, 408 n.7 (5th Cir. 2004). The district court correctly took judicial notice of Sparkman's easily obtainable record of litigation in the Eastern District and the unpaid sanctions imposed on him in that district. The district court also correctly took judicial notice of Sparkman's record of litigation in this court and the sanctions we imposed on him.

As for notice and an opportunity to be heard, the relevant sanction already had been imposed by the Eastern District and approved of by this court. The district court was not imposing any new sanction on Sparkman; there was no need to warn Sparkman or allow him to challenge the sanction. Moreover, by the time he filed suit in the Northern District, lawsuits had been dismissed in the Eastern District and appeals had been dismissed pursuant to sanction orders. Sparkman was on notice that his legal actions and appeals could be dismissed pursuant to sanction orders. Additionally, the district court ordered that Sparkman not be allowed to file any pleadings other than notices of appeal until he provided documentary proof that he had paid his monetary sanctions. Had Sparkman provided such documentary proof when he filed his complaint, he presumably would have been allowed to proceed undeterred. Sparkman received due process. *See Merriman v. Sec. Ins. Co.,* 100 F.3d 1187, 1192 (5th Cir. 1996).

Sparkman contends that the district court erred by relying on unpublished opinions and on opinions in which the facts differed materially from the facts of his case. The district court's analysis was correct, whether it cited to published or unpublished opinions, and unpublished opinions may be persuasive if not precedential. *See Ballard v. Burton,* 444 F.3d 391, 401 n.7 (5th Cir. 2006). Moreover, because the district court's analysis was correct, whether it cited to cases with facts differing from Sparkman's case is irrelevant.

Sparkman's appeals are without arguable merit and are frivolous. *See Howard,* 707 F.2d at 220. His IFP motion is denied and the appeals are dismissed as frivolous. *See* 5TH CIR. R. 42.2.

APPEALS NO. 08-11137 & 08-10313 CONSOLIDATED; IFP DENIED; APPEALS DISMISSED.