IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20745
Summary Calendar
_____

JEFFREY BALAWAJDER,

                                    Plaintiff-Appellant,

versus

WAYNE SCOTT ET AL.,

                                    Defendants-Appellees.

---------------------

Appeal from the United States District Court
for the Southern District of Texas

---------------------
December 2, 1998

Before KING, HIGGINBOTHAM and JONES, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Texas state prisoner Jeffrey Balawajder, #520106, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as improvidently filed. He challenges the transfer of his case to the Southern District of Texas and argues that the district court abused its discretion by applying its policy of enforcing sanctions imposed by other Texas federal district courts. We AFFIRM.

Balawajder filed a 101-page pro se civil rights suit against twenty-one defendants alleging interference with his religious

practices and denial of access to the courts.  The complaint was originally filed in the United States District Court for the Eastern District of Texas.  The district court referred the complaint to the magistrate judge who ordered the lawsuit transferred pursuant to 28 U.S.C. §§ 1404 & 1406 to the Southern District of Texas because Balawajder's claims involved events that took place at the Ellis I Unit, which is located in Walker County in the Southern District of Texas.  The order also noted that Balawajder "has been warned and sanctioned many times" and "has the experience to know where his lawsuits are to be filed." Accordingly, the order also warned Balawajder that "sanctions may be imposed if he files any new lawsuits in this Court when there is no basis for this Court having venue over the matter."

The district court for the Southern District of Texas entered an order dismissing Balawajder's action, without prejudice, as improvidently filed.  In dismissing the lawsuit, the district court pointed to Balawajder's involvement in other frivolous lawsuits.  The court noted that in 1992 this court had ordered that a sanction of $50 be imposed against Balawajder for filing a frivolous appeal and that Balawajder had not paid this sanction.  The court further noted that the district court for the Western District of Texas had dismissed a suit of Balawajder's, with prejudice, for contumacious conduct and had ordered the district court clerk not to accept any further pleadings from Balawajder without prior approval of a judge or

magistrate judge.  Applying a Policy Statement implemented by the Southern District on February 1, 1994, which adopted a policy of enforcing sanction orders imposed by other Texas federal district courts, and "[a]fter reviewing the pleadings filed by Balawajder and in light of the sanctions imposed by [this court]," the district court determined "that Balawajder should not be granted permission to proceed with his civil rights action."  The court dismissed the action, without prejudice, as improvidently filed.

Balawajder filed a Fed. R. Civ. P. 59(e) motion seeking relief from final judgment.  The magistrate judge issued an amended memorandum and recommendation that Balawajder's motion for relief from final judgment, and other motions, be denied.  The magistrate judge noted that although Balawajder had, in fact, paid the $50 sanction imposed by this court, said error on the part of the district court was harmless and payment of the fine "does not alleviate the stigma of that sanction."  The district court entered a memorandum and order adopting the magistrate judge's amended recommendation over Balawajder's objections and ordering that the action be dismissed with prejudice.  Balawajder filed a timely notice of appeal.

Balawajder first challenges the transfer of his case to the Southern District of Texas.  A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought.  28 U.S.C. §§ 1404, 1406.  Section 1404 provides in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). "The district court has broad discretion in deciding whether to order a transfer." Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987). The magistrate judge transferred the case because Balawajder's claims arose out of events that had occurred at the Ellis I Unit, which is located in Walker County in the Southern District of Texas, Houston Division. No abuse of discretion has been shown.

Balawajder's challenge to the district court's dismissal of his case based on the Southern District's policy of enforcing sanctions imposed by other Texas federal district courts is also unavailing. We review sanctions imposed upon vexatious or harassing litigants by the district court for an abuse of discretion. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). We have affirmed a district court's sanction barring a litigant from filing future civil rights complaints without the prior consent of a district court or magistrate judge. Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994). Hitherto, we have not addressed, in a published opinion, the propriety of one district court enforcing a sanction order of another district court pursuant to a local order. We have, however, considered this issue in several unpublished opinions. In Clark v. United States, No. 94-10899, slip op. at 2-3 (5th Cir. Apr. 4,

1995)(precedential unpublished opinion), the district court for the Northern District of Texas dismissed the plaintiff's case because he had not paid a $50 sanction imposed by the district court for the Southern District of Texas in a previous frivolous civil rights action. This court affirmed the Northern District's application of "Miscellaneous Order No. 48, which permits `each federal district court in Texas [to] honor the sanctions imposed by another federal court in Texas.'" Id. at 2. In Murphy v. Scott, No. 94-41355, slip op. at 2 (5th Cir. May 22, 1995)(precedential unpublished opinion), this court upheld a similar order authorizing the Eastern District to honor sanctions imposed against pro se prisoners by other federal district courts. Furthermore, in Umar v. McVea, No. 95-20890, slip op. at 1 (5th Cir. Mar. 1, 1996)(nonprecedential unpublished opinion), this court affirmed the Southern District's policy of enforcing sanctions imposed by other Texas federal district courts.

As we have previously noted, Balawajder has a long history of involvement in frivolous litigation. See Balawajder v. Parker, Nos. 94-50605 & 94-50666, slip op. at 5 n.2 (5th Cir. May 24, 1995)(precedential unpublished opinion). Had Balawajder been proceeding in this case in forma pauperis, he would have been barred by the three strikes rule under 28 U.S.C. § 1915(g). Accordingly, the district court for the Southern District of Texas did not abuse its discretion in honoring the sanction order of the Western District of Texas and dismissing Balawajder's

complaint.

AFFIRMED.