IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21123
Summary Calendar
_____


DONALD RAY FRENCH
                Plaintiff - Appellant

    v.

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION
                Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3235
--------------------
April 3, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

    Donald Ray French, Texas prisoner # 720074, appeals the
dismissal of his 42 U.S.C. § 1983 action as barred by a sanction
imposed by the district court for the Northern District of Texas.
French argues that the district court erred in dismissing his
action as barred by 28 U.S.C. § 1915(g) and in imposing a $100
monetary sanction.  Although the district court erred in holding
that the district court for the Northern District of Texas
imposed the sanction pursuant to 28 U.S.C. § 1915(g), the
district court did not abuse its discretion in honoring the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sanction imposed by a district court from another district. See Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998). Because the district court had previously dismissed three of French's prior civil actions for failure to obtain permission to file them as required by the sanction imposed by the district court for the Northern District of Texas, the district court did not abused its discretion in imposing a $100 monetary sanction. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

To the extent that French is challenging his burglary conviction, he must bring such claims in a habeas petition. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). To the extent that French is seeking damages based on his allegedly unconstitutional conviction, his claim is not cognizable at this time because he has not shown that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v, Humphrey, 512 U.S. 477, 486-87 (1994).

AFFIRMED.