IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20146
Conference Calendar
_____

ROBERT GANDY,

Plaintiff-Appellant,

versus

LUPE SALINAS, Honorable; MICHAEL J. McCORMICK,
Honorable; CHUCK MILLER, Honorable; CHARLES CHUCK
CAMPBELL, Honorable; CHARLES F. BAIRD, Honorable;
MORRIS L. OVERSTREET, Honorable; BILL WHITE,
Honorable; LAWRENCE E. MEYERS, Honorable; FRANK
MALONEY, Honorable; SAM HOUSTON CLINTON,
Honorable; COURT OF CRIMINAL APPEALS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3802
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Gandy, a Texas prisoner (# 565821), appeals the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1915A both "for failure to state a claim upon which relief may be granted" and because he had failed to pay a sanction that had been imposed upon him

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

several years earlier by the district court for the Western District of Texas.

The district court did not abuse its discretion in dismissing Gandy's complaint based on his failure to comply with another district court's sanction order. See Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (upholding dismissal of action by district court for Southern District of Texas, based on a sanction order imposed by Western District of Texas). The court also properly concluded that Gandy had failed to state a claim upon which relief may be granted, as Gandy was attempting only to obtain review of a state-court decision or to attack his underlying conviction, neither of which is allowed under § 1983. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983); Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973).

Gandy's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Gandy's appeal is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of his current complaint for failure to state a claim and this court's dismissal of this appeal as frivolous both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Gandy has had at least one prior complaint dismissed as frivolous, which counts as a third strike. See id.; Gandy v. Moya, No. W-95-CV-247 (W.D. Tex. May 5, 1996). Because Gandy has accumulated three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.