IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20237
Summary Calendar
_____

LOWELL L. EAVES; JACQUELINE R. EAVES,

      Plaintiffs-Appellants,

versus

GARY M. DONIGER; A.N. RUSCHE; UNITED STATES OF AMERICA,

      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1255
_____

November 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Lowell and Jacqueline Eaves appeal the district court's dismissal based on *re judicata* and for failure to state a claim upon which relief can be granted of their lawsuit against various defendants arising from a federal income tax levy issued upon Jacqueline Eaves's wages. They also appeal the district court's order enjoining them from filing additional suits in the United

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States District Court for the Southern District of Texas without first obtaining written leave from the district's Chief Judge.

"Claim preclusion, or *res judicata,* bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[1]  The district court did not err in dismissing this case based on *res judicata.*[2]  The parties to this action and the previous action that concluded with a final judgment on its merits--specifically dismissal for failure to state a claim upon which relief can be granted--are identical, the prior judgment was rendered by a court of competent jurisdiction, and the same claims are involved in both suits.[3]

Likewise, the district court did not abuse its discretion in enjoining further litigation of these issues.[4]  We note that "[w]e have affirmed a district court's sanction barring a litigant from filing future civil rights complaints without the prior consent of a district court or magistrate judge."[5]  Although the sanction here

---

[1]  *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.),* 163 F.3d 925, 934 (5th Cir. 1999) (footnote omitted).

[2]  *See Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000).

[3]  *See id.; Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 940 (5th Cir. 1988); *Hall v. Tower Land & Inv. Co.,* 512 F.2d 481, 483 (5th Cir. 1975).

[4]  *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (per curiam).

[5]  *Id.*

is not the least severe sanction possible, and although the Eaves have not filed as many lawsuits as other "recreational litigants" against whom we have previously affirmed sanctions, we are not persuaded that the district court's sanction exceeds the bounds of discretion under Fifth Circuit jurisprudence.[6]  The Eaves were warned more than once that sanctions might follow if they continued to pursue the claims that had already been decided against them.[7] Given the Eaves' disregard of these warnings by filing additional lawsuits, the district court did not abuse its discretion in concluding that the injunction entered was the least severe sanction that was adequate.[8]

AFFIRMED.

---

[6]  *See Mendoza v. Lynaugh,* 989 F.2d 191, 196-97 (5th Cir. 1993).

[7]  *See Balawajder*, 160 F.3d at 1067; *Mendoza,* 989 F.2d at 195-97.

[8]  *Mendoza*, 989 F.2d at 196.

3