**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20034
Summary Calendar

_____

WILLIAM S. KELLEY,

Plaintiff-Appellant,

versus

THE STATE OF TEXAS; A. M. STRINGFELLOW;
JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JIMMY ALFORD; LESLIE WOODS; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-1347
--------------------

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

William Steed Kelley, Texas prisoner # 457296, appeals the district court's dismissal of his civil rights lawsuit pursuant to 42 U.S.C. § 1983. The district court's dismissal was based, in part, on Kelley's failure to comply with a 1997 sanction order issued by the Northern District of Texas, which prohibited Kelley from filing any new complaints without first obtaining permission from an Article III or magistrate judge (the "1997 Order").

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kelley takes issue with the district court's treatment of his substantive claims. He also challenges, among other things, the district court's newly-imposed sanctions and denial of Kelley's motions for recusal and injunctive relief. Kelley does not address the district court's finding that he failed to comply with the 1997 Order. See Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998).

By failing to address the issue concerning his compliance with the 1997 Order, Kelley has abandoned any argument regarding this basis for the dismissal of his complaint. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Kelley failed to comply with the 1997 Order, his request for injunctive relief was properly denied. Similarly, Kelley fails to explain how the district court's failure to conduct a show cause hearing with respect to its newly-imposed sanctions constituted an abuse of discretion. In any event, based on Kelley's history of filing frivolous 42 U.S.C. § 1983 claims, he was not entitled to a hearing prior to the imposition of sanctions. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

Kelley's appeal is dismissed as frivolous. See 5TH CIR. R. 42.2. Kelley's argument that Judge Lake should recuse himself upon remand is therefore moot. Kelley's motion to expedite his appeal is denied.

Kelley is warned that the filing of frivolous pleadings in this court or in the district court or the prosecution of

frivolous actions or appeals will subject him to sanctions beyond those prescribed in 28 U.S.C. § 1915(g), including monetary penalties and restrictions on his ability to file actions and appeals.

APPEAL DISMISSED AS FRIVOLOUS; MOTION TO EXPEDITE DENIED; SANCTIONS WARNING ISSUED.