United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41055
Summary Calendar

DAVID LAUER,

                              Plaintiff-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BARRY TELFORD UNIT;
WARDEN UNKNOWN STEPHENS; WARDEN UNKNOWN HUDSON; WARDEN UNKNOWN
RODEEN; CAPTAIN UNKNOWN ODEM; LIEUTENANT UNKNOWN MILES;
LIEUTENANT UNKNOWN WISNER; TIA RANGE, Lieutenant; SARGENT UNKNOWN
COLEMAN; UNKNOWN DELEVAN, mail personnel; UNKNOWN SHARP, mail
personnel; UNKNOWN YBARRA, mail personnel; MAIL PERSONNEL UNKNOWN
RAYBURN; UNKNOWN CURRIE, mail room,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(5:02-CV-243)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant David Lauer, Texas prisoner # 1069082, has

filed a motion to proceed in forma pauperis (IFP) on appeal,

effectively challenging the district court's certification that his

appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d

197, 199-202 (5th Cir. 1997); 28 U.S.C. § 1915(a).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed Lauer's § 1983 complaint after determining that (1) Lauer had a history of abuse of the court, (2) the Western District of Texas had barred Lauer from filing any new lawsuits without obtaining leave of court, (3) General Order 94-6 of the Eastern District of Texas specified that the court would honor sanctions imposed by another Texas federal court, and (4) Lauer had not informed the court of the sanction order prior to filing his suit. The district court did not err in certifying that the appeal was not taken in good faith or in dismissing Lauer's § 1983 suit. See Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998); Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994).

As Lauer has not shown that his appeal will present legal points arguable on their merits, we deny his motion for leave to proceed IFP, and we dismiss his appeal as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. This dismissal counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Lauer previously accumulated two § 1915(g) strikes. See Lauer v. Treon, 82 F. App'x 948, *1 (5th Cir. 2003). Accordingly, Lauer is now barred under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.