IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20478
Summary Calendar

WASHINGTON MUTUAL BANK FA, Its Successors and Assigns

Plaintiff-Appellee

v.

AL MCZEAL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-cv-897

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

It has often been said that "one who is his own lawyer has a fool for a client." Faretta v. California, 422 U.S. 806, 852 (1975) (Blackmun, J., dissenting). Pro se Defendant-Appellant Al McZeal ("McZeal") seems to reject the warnings of this maxim, instead actively encouraging and assisting those in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

financial trouble to sue their creditors without the assistance of counsel.[1] Unfortunately for McZeal, a meritorious case must state the legal and factual basis for relief, and a valid appeal must demonstrate why the district court has committed error. Because McZeal presents no viable arguments on appeal and does not even address the basis of the district court's decision to award summary judgment to Plaintiff-Appellee Washington Mutual Bank, FA ("Washington Mutual"), we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of Washington Mutual's attempted foreclosure of the real property located at 11926 Swan Creek Drive, Houston, Texas, 77065 (the "Property"). In or around May 1999, spouses Valerie and Harry Merlet (the "Merlets") entered into a loan agreement with Washington Mutual via a promissory note for the Merlets' purchase of the Property. The Merlets secured their loan through a Deed of Trust, which described the Property and delineated Washington Mutual's available remedies should the Merlets default on the loan. In particular, in the event of a default, Washington Mutual had the right to accelerate all of the outstanding debt and foreclose or sell the Property if the Merlets did not timely pay the entire balance. The Merlets defaulted on their loan obligations in May 2001, and Washington Mutual accelerated the debt. In December 2001, as Washington Mutual prepared to foreclose on the Property, Valerie Merlet filed for bankruptcy. This action suspended Washington Mutual's ability to foreclose. Washington Mutual resumed its foreclosure process in late 2005 after Valerie Merlet resolved the bankruptcy proceedings,

---

[1] We note that McZeal's website purports to provide tools to those allegedly suffering from mortgage fraud or facing foreclosure to sue their adversaries pro se. See http://www.almczeal.com; see also McZeal v. Ocwen Fin. Corp., No. 00-20817, 2001 WL 422375 (5th Cir. Mar. 28, 2001) (per curiam) (unpublished) (dismissing McZeal's pro se appeal involving his default on a promissory note that he had secured with a lien against his home); Dist. Ct. Op. at 19 (noting that McZeal has filed substantially identical lawsuits in at least seventeen cases and bankruptcy proceedings).

scheduling the foreclosure sale for December 6, 2005. On December 2, 2005, Washington Mutual received an "Urgent Letter" demanding that it cease and desist from the scheduled foreclosure because McZeal allegedly had purchased the Property from the Merlets in September. The letter stated that McZeal was the new owner, although it did not provide any evidence to substantiate this assertion. Deciding that even if the Merlets had sold the Property to McZeal it would have constituted a breach of the terms of the Deed of Trust, Washington Mutual proceeded with the foreclosure sale as planned. On December 6, 2005, Washington Mutual purchased the Property at the foreclosure sale through a credit bid. That same day, McZeal filed for bankruptcy and listed the Property in his bankruptcy filing. On December 9, 2005, Washington Mutual filed a motion to annul nunc pro tunc the automatic bankruptcy stay on the Property, which the bankruptcy court granted, meaning that McZeal's bankruptcy proceeding no longer burdened the Property.

Washington Mutual then began its attempt to obtain physical possession of the Property. On February 17, 2006, Washington Mutual sent individual notices to the Merlets, McZeal, and any other occupants directing them to vacate the Property within three days. The Merlets and McZeal failed to surrender the Property, and two weeks later Washington Mutual filed a petition for forcible entry and detainer in Texas state court. Two weeks after Washington Mutual brought suit, McZeal, acting pro se, removed the action to the district court and filed a 133-page countersuit alleging numerous causes of action against Washington Mutual and other counter-defendants and requesting damages in excess of fifteen million dollars.[2] The district court granted Washington

---

[2] McZeal alleged that Washington Mutual and other counter-defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, and his civil rights in violation of 42 U.S.C. §§ 1981, 1983, and 1985. McZeal also alleged various state law claims, including fraud, fraud on the court, gross negligence, embezzlement, unjust enrichment, unlawful foreclosure, and interference with business contracts.

Mutual's (and the other counter-defendants') motions to dismiss McZeal's countersuit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Washington Mutual then filed a motion for summary judgment on its forcible entry and detainer claim. In his reply, McZeal made various procedural objections to Washington Mutual's summary judgment motion. In particular, McZeal asked the court to strike Washington Mutual's motion for summary judgment, enter summary judgment sua sponte in his favor, and issue sanctions against Washington Mutual. McZeal also asked the court to enter judgment in his favor on his previously dismissed counterclaims.

The district court denied McZeal's invitation to reopen his countersuit. Although the district court had disposed of all of the federal issues in the case by dismissing McZeal's countersuit, it nevertheless proceeded to consider Washington Mutual's summary judgment motion on its state law claim under the court's discretion to retain supplemental jurisdiction to preserve "judicial economy, convenience, fairness, and comity." See Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999). The court denied all of McZeal's motions that attacked Washington Mutual's summary judgment motion and entered summary judgment in favor of Washington Mutual. Finally, although the court denied Washington Mutual's request for attorney's fees, it admonished McZeal not to bring frivolous lawsuits and ordered that McZeal be enjoined from filing any future causes of action in the Southern District of Texas without the consent of the Chief Judge of that court. McZeal appeals. We have jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

We review a district court's summary judgment order de novo. Jenkins v. Cleco Power, LLC, 487 F.3d 309, 313 (5th Cir. 2007). Summary judgment is appropriate when, after considering the evidence, "there is no genuine issue as

to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The district court found that under Texas law, Washington Mutual has the right to actual possession of the Property. See TEX. R. CIV. P. 746 (stating that in a case of forcible entry or of forcible detainer under the Texas Property Code, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated"). The court noted that Washington Mutual attached a Correction Substitute Trustee's Deed to its summary judgment motion that details Washington Mutual's rights in the Property. Washington Mutual had memorialized the Correction Substitute Trustee's Deed on the day of the foreclosure sale and had recorded it with Harris County on January 24, 2006. The Deed expressly conveys ownership of the Property to Washington Mutual. Given that McZeal presented absolutely no evidence of his right to the Property, the court granted Washington Mutual's summary judgment motion, which in turn gives Washington Mutual the right of forcible entry and detainer. See Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App. 2001) (holding that to prevail in a forcible detainer action, a plaintiff need only "show sufficient evidence of ownership to demonstrate a superior right to immediate possession").

On appeal, McZeal asserts eleven points of error, which generally amount to an argument that the district court abused its discretion in ruling in favor of Washington Mutual and not reopening McZeal's counterclaim.[3] However, McZeal fails to address the key basis for the district court's decision: that McZeal has presented no evidence whatsoever that he is the rightful owner of the Property. Indeed, McZeal has never presented any documentation to show that he owns the Property, instead relying merely on his bare assertions. See Abbott

---

[3] In his brief, McZeal lists thirteen issues in his "Statement of Issues," but he addresses only eleven of these issues in his argument. Nevertheless, several of the issues are redundant, and all lack merit.

v. Equity Group, Inc., 2 F.3d 613, 619 (5th Cir. 1993) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). Further, he focuses his appeal on supposed defects in Washington Mutual's foreclosure sale, which are irrelevant to the issue of whether McZeal is the rightful owner and therefore entitled to possession.[4]  As such, because Washington Mutual met its burden of presenting sufficient evidence that it has the right to possess the Property, and because McZeal has not refuted this evidence with any proof that he is the rightful owner beyond his own bare assertions, the district court properly granted summary judgment in Washington Mutual's favor.  Finally, given the evidence before it regarding McZeal's history of filing frivolous complaints, the district court did not abuse its discretion in ordering McZeal to obtain permission from the Chief Judge before bringing any more lawsuits.  See, e.g., Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam) (holding that the district court did not abuse its discretion in ordering a pro se litigant not to file additional lawsuits without the prior approval of the court).

## III. CONCLUSION

McZeal's arguments on appeal mirror his contentions before the district court, which the district court correctly rejected as baseless.  In sum, Washington Mutual demonstrated that it has a right to possess the Property, and McZeal has provided no evidence to show that he is the rightful owner. Because the district court appropriately dismissed all of McZeal's claims and granted summary judgment to Washington Mutual, we affirm.

AFFIRMED.

---

[4] Regardless, we agree with the district court's conclusion that Washington Mutual's foreclosure sale was not flawed.