# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2010

No. 09-20494
Summary Calendar

Lyle W. Cayce
Clerk

M R MIKKILINENI

Plaintiff-Appellant

v.

CITY OF HOUSTON; DENNIS LLOYD; RUSSEL MAI; PHILIP BERNARD; ROGER BOULET; SECRETARY OF LABOR; JUAN PADRON; HAROLD DARK; JOHN LAWSON

Defendants-Appellees

-------------------------------------------------------------------------------------------

M R MIKKILINENI

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; STATE OF TEXAS; CITY OF HOUSTON, TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CV-944
USDC No. 4:01-CV-1894

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

M. R. Mikkilineni appeals the district court's denial of his motion for permission to sue. Mikkilineni is required to file this type of motion because he has previously brought at least four frivolous suits against the defendants. *E.g., Mikkilineni v. City of Houston*, 37 F. App'x 88 (5th Cir. 2002) (unpublished). In 2003, after Mikkilineni filed suit against the defendants in the District Court for the District of Columbia, the district court held Mikkilineni in contempt of court, ordered him to pay a $25,000 compensatory sanction, and ordered him to obtain permission before filing suit again against the defendants. Six years later, Mikkilineni moved for permission to sue the defendants again, and the district court denied the motion.

Mikkilineni's brief is largely devoted to the merits of his unsuccessful litigation against the defendants and the propriety of the 2003 contempt order, neither of which are covered by Mikkilineni's 2009 notice of appeal. With respect to the denial of his motion for permission to sue, Mikkilineni argues that the district court erred because he has a right to bring an independent cause of action and because the denial of the motion resulted in a denial of his access to the courts. We review the enforcement of a sanction order for abuse of discretion. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998).

To prevail on a denial-of-access-to-the-courts claim, the claimant must show that he was actually prejudiced by the alleged violation. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). In order to demonstrate actual prejudice, a prospective plaintiff must show his ability to pursue a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Mikkilineni has failed to make this critical showing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mikkilineni's appeal is DISMISSED as frivolous.  5TH CIR. R. 42.2.  His motion for leave to appeal in forma pauperis is DENIED.