# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

No. 12-60121
Summary Calendar

Lyle W. Cayce
Clerk

CATHERINE M. STARR,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-00068

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Catherine M. Starr ("Starr") appeals the district court's denial of her motion for permission to file suit against United States District Judge Keith Starrett and several Fifth Circuit Judges, as well as the denial of her motion for reconsideration of that order.

In August 1997, we issued an order barring Plaintiff-Appellant Starr from filing pleadings in the Southern District of Mississippi without the written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60121

permission of a district judge ("Sanction Order"). *Starr v. Howard, et al.*, No. 97-60168 (Aug. 21, 1997). Thereafter, in March 2007, Starr filed a complaint against the United States and its agencies for secretly spying on and stealing thoughts from her. In April 2007, District Judge Keith Starrett dismissed this complaint because Starr had failed to comply with our Sanction Order. Starr appealed this decision, and in February 2008, we affirmed the dismissal. *Starr v. United States*, 267 F. App'x 372 (5th Cir. 2008) (per curiam). Starr sought certiorari to the Supreme Court, which was denied in October 2008. *Starr v. United States*, 555 U.S. 881 (2008).

Notwithstanding this, in February 2009, Starr filed a request to bring a nearly identical suit against the United States, arguing that the Sanction Order was denying her access to the courts. In April 2010, Judge Starrett denied her application to file suit. In November 2011, Starr filed a letter with Judge Starrett, requesting permission to file a lawsuit under 42 U.S.C. § 1983 against Judge Starrett and the Fifth Circuit Judges who issued the Sanction Order. In her request, Starr stated that she sought to bring a claim for denial of access to courts because she was being unconstitutionally prohibited from filing her suit against the United States. Judge Starrett recused himself, and the case was reassigned to District Judge Halil Suleyman Ozerden. In January 2012, Judge Ozerden denied Starr's request, holding that the enforcement of the Sanction Order was not a denial of her access to courts because all of Starr's claims were repetitive of earlier claims or were barred by judicial immunity.[1] The instant appeal followed.

The district court's ruling that Starr's filings are barred by our earlier Sanction Order is reviewed for abuse of discretion. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam); *Gelabert v. Lynaugh*, 894 F.2d 746,

---

[1] The district court later denied Starr's motion for reconsideration on the same grounds.

No. 12-60121

747–48 (5th Cir. 1990) (per curiam). To show a denial-of-access stemming from enforcement of a sanction order, a plaintiff must show that she suffered prejudice. *See Mikkilineni v. City of Hous.*, 435 F. App'x 298, 299 (5th Cir. 2010) (per curiam) (analyzing denial of access challenge to the enforcement of a similar sanction); *Schmidt v. Van Buren*, 243 F. App'x 803, 804 (5th Cir. 2007) (per curiam) (same); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 883 n.23 (5th Cir. 1988) (stating that filing sanctions cannot result in a denial of access to courts). In order to prove prejudice resulting from a denial-of-access, a plaintiff must show her ability to pursue a "nonfrivolous" and "arguable" legal claim for relief. *See Christoper v. Harbury*, 536 U.S. 403, 415–16 (2002).

Here, all of Starr's claims are patently frivolous and do not present "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (per curiam) (stating a complaint is frivolous "if it lacks an arguable basis in law or fact"). Starr's underlying claims against the United States for spying and stealing her thoughts obviously lack merit, and as was noted by the district court, these claims are repetitive of the claims we addressed in her earlier appeal. *See Starr*, 267 F. App'x at 372. Moreover, to the extent that Starr seeks to bring suit directly against Judge Starrett or Judges of this Court, her claims are barred by absolute judicial immunity. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221–27 (5th Cir. 2009) (explaining absolute judicial immunity). Because all of the claims that Starr seeks to bring are futile, she has failed to show any prejudice stemming from the enforcement of our Sanction Order. Accordingly, we hold that the district court did not abuse its discretion, and we AFFIRM.