# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2013

No. 12-30375
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY LYNDELL BLOUNT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-1934
USDC No. 2:98-CR-20058-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Corey Lyndell Blount, federal prisoner # 83126-079, was convicted of use
of a communication facility to facilitate or cause controlled substance offenses
and participation in a continuing criminal enterprise, and he was sentenced to
life imprisonment. He filed a 28 U.S.C. § 2255 motion challenging his conviction
and sentence that was denied. In 2007, after Blount filed multiple post-
judgment motions in his § 2255 case, the district court sanctioned Blount by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

requiring that he seek leave of court prior to filing any further motions in the § 2255 case.  In 2012, Blount filed a Federal Rule of Civil Procedure 60(b)(4) motion for relief from the judgment denying his § 2255 motion, a motion for the district court to take judicial notice of documents filed in his case and a co-defendant's case, and two motions in which he sought to amend claims that he raised in his § 2255 motion.  Blount appeals the district court's order striking those motions pursuant to the 2007 sanction order and the district court's denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's order striking his motions.

Blount argues that the district court's 2007 sanction order amounts to a sua sponte pre-filing injunction against him.  He maintains that the 2007 sanction order violated his due process rights because it was entered without notice and a hearing or opportunity to respond.  He further argues that the 2007 sanction order constituted an abuse of discretion because it was based upon a clearly erroneous finding of fact.

While Blount did take a timely appeal from the 2007 order that included the sanction, Blount did not challenge the sanction in that appeal.  Blount's present notice of appeal was filed on April 2, 2012, and the district court's sanction order was entered on May 14, 2007.  Accordingly, Blount's notice of appeal was not a timely notice of appeal from the May 14, 2007, sanction order, and Blount cannot challenge that order in this appeal.  *See* FED R. APP. P. 4(a)(1)(B); *Garcia v. Boldin*, 691 F.2d 1172, 1181 (5th Cir. 1982).

Blount argues that the district court's order striking his motions was a sua sponte injunction issued by the district court without notice and an opportunity to respond that violated his due process rights.  He maintains that the order striking his motions violated his right of access to the courts because it extended the sanction order to include motions beyond those similar to the motions that led to the entry of the sanction order.  He contends that the order striking his motions was an abuse of discretion because it was based upon an erroneous

factual finding that the motions were repetitive, frivolous, and successive § 2255 motions. He asserts that the striking of his motions prejudiced him because the motions raised nonfrivolous claims.

While the imposition of a sanction without a prior warning should generally be avoided, this rule is not always applicable to an inmate who has filed many frivolous pleadings. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Furthermore, the district court's order at issue in the present appeal did not impose a sanction, it merely enforced the earlier sanction order. The district court was permitted to enforce the earlier sanction order requiring Blount to receive leave of court prior to filing further motions. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Although Blount argues that the district court expanded the sanction order by striking motions that were unrelated to the motions that led the district court to impose the sanction, the sanction requires Blount "to seek leave of Court before any further motions in the instant matter are filed." As the motions that the district court struck were filed in the same case without leave of court, the district court's striking of Blount's motions was an enforcement of the sanction order, not an expansion of the sanction order.

Blount's Rule 60(b)(4) motion was based on his contention that the district court erroneously denied some of the claims in his § 2255 motion, and this is insufficient to show that the judgment was void, making Blount's Rule 60(b)(4) motion meritless. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). As Blount's Rule 60(b)(4) motion was without merit, his motions seeking to amend claims that he raised in his § 2255 motion were also without merit because, after a judgment has been issued, a party "may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under [Rule] 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). As Blount's motion for the court to take judicial notice did not seek any affirmative relief in the absence of his other motions, Blount cannot

show that this motion raised a nonfrivolous claim.  Because Blount has not shown that his motions raised a nonfrivolous claim, Blount has not shown that the district court abused its discretion or denied him access to the courts by enforcing the sanction order and striking his motions.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990).

Blount's appeal is without arguable merit and, therefore, frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, it is DISMISSED.  *See* 5TH CIR. R. 42.2.