NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: GENERAL MOTORS COMPANY, GENERAL MOTORS LLC,**
*Petitioners*

---

2023-105

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01088-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

General Motors Company and General Motors LLC (collectively, "GM") petition for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Eastern District of Michigan. Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") oppose the petition.

IV sued GM in the Western District of Texas asserting infringement of twelve patents based on various services

and products installed in GM automobiles, including features of GM's OnStar service.  GM moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Eastern District of Michigan, contending that the employees most knowledgeable about the design and development of the accused products and certain third-party component suppliers are in Michigan.  As part of its opposition, IV argued that GM has an IT Innovation Center in Austin, within the Western District of Texas, where employees helped develop and continue to work on aspects of the accused products.

The district court denied the motion.  Although the court found that GM had identified employees in Michigan who are potential witnesses, the court concluded that the convenience of the willing witness factor did not weigh either in favor of or against transfer, given that GM employees in Austin are also potential witnesses with relevant and material information.  The court found that the transferee forum had a slight advantage with regard to the ease of access to the sources of proof and local interest factors.  However, finding that only the Western District of Texas could subpoena one of the named inventors, the court weighed the compulsory process factor against transfer.  The court also concluded that it could likely hold trial sooner than the Michigan court.  On balance, the district court found that GM had failed to show the transferee forum was clearly more convenient and denied the motion.

A writ of mandamus is an "'extraordinary remedy'" reserved for "'extraordinary causes.'"  *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 628 (5th Cir. 2022) (citation omitted).  Accordingly, when presented with a petition for a writ of mandamus predicated on a § 1404(a) transfer decision, our task is to determine whether, under the relevant circuit law, the transfer decision was such a "'clear' abuse of discretion" that it led to a "'patently erroneous result.'"  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citation omitted).  Under the law of the United States Court of Appeals for the Fifth Circuit,

the burden rests squarely on the party seeking transfer to show that the transferee forum is clearly more convenient. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "[W]hen the transferee [forum] is not clearly more convenient than the [forum] chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* Moreover, "the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* at 311 (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (holding that § 1404(a) requires district courts to "balance[] a number of case-specific factors" and that such balancing is within "sound discretion of the trial court based not on per se rules but rather on an individualized, case-by-case consideration of convenience and fairness.") (internal quotation marks and citation omitted).

We cannot say that such a clear abuse of discretion occurred here. The district court considered and weighed each of the relevant factors and made reasonable factual findings based on the record before it. The court found, among other things, that there were GM employees in the Western District of Texas with relevant and material information; the evidence stored electronically on data centers in Michigan can be accessed by GM from its offices in the Western District; the Western District could compel the testimony of potential third-party witnesses, including inventor testimony; and the Western District's local interest in this matter extended beyond GM's mere presence in the district. Mindful of the standard of review, we are not prepared to disturb the district court's findings, which provide a plausible basis for the conclusion that GM failed to demonstrate that litigating this case in the transferee forum would be clearly more convenient.

Accordingly,

4                                    IN RE: GENERAL MOTORS COMPANY

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 23, 2023                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court