# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10793

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2023

Lyle W. Cayce
Clerk

Durand Toson,

*Plaintiff—Appellant*,

*versus*

Myisha S. Taylor, *Captain, Robertson Unit*; Veronica A. Ference, *Counsel Substitute III, Robertson Unit*; FNU Whitfield, *Unit Grievance Investigator, Montford Unit*; Michael W. Collier, *Investigator II, TDCJ French Robertson Unit*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CV-61

———————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Durand Toson, Texas prisoner # 2206334, sued the defendants under 42 U.S.C. § 1983, alleging retaliation against him for filing a sexual harassment complaint against an officer at the Texas Department of Criminal Justice's Robertson Unit. Toson alleged that the defendants retaliated

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against him by charging him with disciplinary violations; failing to provide notice of, and thus an opportunity to appear at, his disciplinary hearing, at which he was convicted; forging his signature acknowledging receipt of the notice of charges; providing ineffective assistance of counsel at the hearing; and failing to adequately handle his ensuing administrative grievances. The district court concluded that Toson's due process claims against Myisha Taylor and Veronica Ference were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that, in any event, he failed to state a claim for relief as to all defendants, *see* 28 U.S.C. § 1915A(b)(1). The court dismissed the claim against Whitfield for improper venue. *See* 28 U.S.C. § 1391(b).

In connection with his appeal of the dismissal of his civil action, Toson moves for leave to proceed in forma pauperis (IFP), thereby challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We will grant IFP status if Toson's appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Although there is a nonfrivolous argument that the district court erred by finding Toson's due process claims against Taylor and Ference *Heck*-barred, we nonetheless deny the IFP motion and dismiss the appeal because Toson's underlying substantive claims are frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

With respect to Taylor's and Ference's alleged violation of Toson's due process rights in the conduct of his disciplinary hearing, *see Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1977), Toson's resulting punishment—the loss of various inmate privileges and a negative adjustment in his custodial status—did not plausibly impose "atypical and significant hardship" on him. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Prisoners have no recognizable due process liberty interest in their custodial classification or various inmate privileges. *See Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998), *abrogated on other grounds by Booth v.*

*Churner*, 532 U.S. 731 (2001). And the effect of Toson's classification adjustment on his subsequent denial of parole is at best speculative. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Toson also had no right to counsel in his disciplinary proceedings. *See Wolff*, 418 U.S. at 570.

Toson likewise failed to assert a plausible denial of his due process rights with respect to Michael Collier's handling of his administrative grievances because prisoners have no federally protected liberty interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Toson further fails to assert a nonfrivolous argument that the district court abused its discretion by dismissing his claim against Whitfield for improper venue. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

Toson failed to state a First Amendment retaliation claim against the defendants because he did not allege a chronology of events from which retaliation may plausibly be inferred. *See DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019). Toson's harassment complaint was filed the same day as his disciplinary hearing and five days after disciplinary charges were filed. He now alleges, for the first time, that the complaint was filed on the same day as—but before—his disciplinary hearing. We do not consider facts that were not before the district court. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). In any event, on the pleaded facts, such an allegation is implausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lastly, insofar as Toson alleged that the defendants conspired to violate his civil rights, that claim lacks an arguable basis in law or fact because Toson failed to state a facially plausible claim of an underlying constitutional deprivation as to any of his claims. *See Bevill v. Fletcher*, 26 F.4th 270, 274-75 (5th Cir. 2022); *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).

No. 23-10793

Toson's appeal does not involve any legal points arguable on their merits and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

The dismissal of this appeal as frivolous counts as a strike against Toson under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 535-40 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. at 537. Toson has accrued a prior strike based on the district court's dismissal of another civil action as frivolous or for failing to state a claim. *See Toson v. Freeman et al.*, No. 1:22-cv-85, 2023 WL 4998063 (N.D. Tex. Jul. 24, 2023). Accordingly, Toson is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).