# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2024

Lyle W. Cayce
Clerk

No. 23-11225
Summary Calendar

———————————

Paula Conner,

*Plaintiff—Appellant*,

*versus*

Gary Kelly, *Chairman & CEO*; Southwest Airlines Company; Robert E. Jordan; Mike Van de Ven; Sonya Lacore; Steve Goldberg,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-742

———————————

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Paula Conner, a Southwest Airlines flight attendant, filed this lawsuit against Defendants-Appellees Southwest Airlines Company ("Southwest"), Gary Kelly, Robert E. Jordan, Mike Van de Ven, Sonya Lacore, and Steve Goldberg (all Southwest executives)

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11225

alleging that Southwest's masking and COVID-19 vaccine policies violated (1) the Thirteenth Amendment's prohibition of slavery; (2) 18 U.S.C. § 242; (3) 21 U.S.C. § 360bbb–3(e)(1)(A)(ii) and 21 C.F.R. §§ 50.20, 50.23, and 50.24; and (4) 42 U.S.C. § 1981. After the lawsuit was filed in the District of Nevada, upon Defendants' motion, the District of Nevada transferred venue to the Northern District of Texas (the "district court"). There, Defendants moved for dismissal, which the district court granted upon review of a Magistrate Judge's Report and Recommendation. We AFFIRM.

I

In accordance with governmental recommendations and mandates effective at the time, Southwest maintained a policy during 2020-2022 that, while working, flight attendants must wear a face-covering due to the COVID-19 pandemic. Plaintiff, as a flight attendant, was subject to this policy. On September 11, 2020, Plaintiff refused to wear her mask properly while working, and caused a thirty-two-minute flight delay. After Southwest undertook an investigation, it determined that Plaintiff was in violation of its policies through her conduct. Despite Southwest's repeated warnings, and discipline, Plaintiff continued to violate the company's masking policies until April 18, 2022, when a federal district court in a different case enjoined the federal government from enforcing its mandate requiring masks on aircraft. *See Health Freedom Def. Fund, Inc. v. Biden*, 599 F. Supp. 3d 1144 (M.D. Fla. 2022) (finding that CDC exceeded authority under Administrative Procedures Act), *vacated as moot*, 71 F.4th 888, 894 (11th Cir. 2023). In response, Southwest lifted its masking requirement.

On September 9, 2021, President Biden issued Executive Order 14042, which resulted in guidance requiring federal contractors and subcontractors, like Southwest, mandating employees without a disability or religious accommodation to receive a COVID-19 vaccination. *See* Exec.

No. 23-11225

Order No. 14042, § 2, 86 Fed. Reg. 50,985 (Sept. 9, 2021). Southwest complied with this guidance and notified their employees of deadlines for compliance and methods to request accommodations.

On July 20, 2022, Plaintiff, proceeding pro se, filed this action in the District of Nevada. Plaintiff's complaint alleged that Southwest's masking and vaccine policies violated (1) the Thirteenth Amendment's prohibition of slavery; (2) 18 U.S.C. § 242; (3) 21 U.S.C. § 360bbb–3(e)(1)(A)(ii) and 21 C.F.R. §§ 50.20, 50.23, and 50.24; and (4) 42 U.S.C. § 1981. Defendants timely moved to dismiss the case, or in the alternative, to transfer venue to the district court. The District of Nevada elected to transfer venue and deny the motion to dismiss without prejudice.

In April 2023, Plaintiff filed a motion to retransfer, alleging that the district court lacked personal jurisdiction over her. The district court subsequently referred the case to a Magistrate Judge under a standing order of reference. Defendants filed a motion to dismiss before the Magistrate Judge. In October 2023, the Magistrate Judge issued his Report and Recommendation, recommending the district court grant Defendants' motion to dismiss and deny Plaintiff's motion to retransfer. After Plaintiff submitted her objections to the Magistrate Judge's recommendation, the district court accepted the recommendation and entered judgement in favor of Defendants. Plaintiff then timely appealed.

II

We review a decision on a motion to transfer venue for abuse of discretion. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Generally, we review denials of leave to amend for abuse of discretion, *see Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (citations omitted), but when a court denies leave to amend on the ground of

futility, our review is de novo, *Martinez v. Nueces Cnty.*, 71 F.4th 385, 391 (5th Cir. 2023) (citation omitted).

We review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo, applying the same legal standards as the district court. *Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citation omitted). Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). We must view properly pleaded facts in the light most favorable to the nonmoving party and dismiss only if the plaintiff failed to allege a facially plausible claim for relief. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citations omitted).

Plaintiff proceeds pro se. We "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citations omitted). So long as the party has "at least argued *some* error on the part of the district court," we will consider the argument. *Id.* at 524–25 (emphasis in original). However, a pro se litigant, like all other parties, "must identify the facts relevant to the issues presented for review, with appropriate references to the record." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quotation omitted).

## III

Liberally construing Plaintiff's brief on appeal, she argues that the district court erred by (1) failing to invoke the proper standards for pro se plaintiffs; (2) abusing its discretion when it failed to transfer venue back to the District of Nevada because it lacked personal and territorial jurisdiction over her claim; (3) failing to grant her leave to amend her complaint; and (4) incorrectly finding that the provisions of 21 U.S.C. § § 360bbb–3(e)(1)(A)(ii)

do not apply to Southwest Airlines. We will address each of these arguments in turn.

## A

First, Plaintiff's primary argument for reversal of the district court's dismissal of her suit on appeal seems to be that the Magistrate Judge failed to construe her pro se complaint liberally, as required by our precedent. But the magistrate *did* acknowledge that requirement, expressly stating that "*[p]ro se* complaints receive a liberal construction." And despite her laundry list of citations emphasizing the importance of the court's liberal treatment of pro se filings, Plaintiff never cites to any part of the Magistrate's recommendation or the record that demonstrates a failure to meet that requirement. *See Wilkes*, 20 F.3d at 653 (a pro se litigant "must identify the facts relevant to the issues presented for review, with appropriate references to the record"). As such, Plaintiff has failed to brief this issue adequately on appeal and forfeited the argument. See *United States v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020) (noting that failure to adequately brief an argument forfeits the claim on appeal (citations omitted)).

## B

Plaintiff's argument that the district court erred by failing to re-transfer her lawsuit back to the District of Nevada is likewise unavailing. Her argument seems to rest on the premise that litigating her case in Texas, rather than Nevada, violates her due process rights because the district court lacks personal jurisdiction over her claims. This argument reflects a misunderstanding of how venue and personal jurisdiction work. First of all, the venue statute, 28 U.S.C. § 1404(a), under which the District of Nevada transferred the case, merely states that a "district court may transfer a case to any . . . jurisdiction where it might have been brought," and makes no

mention of personal jurisdiction. Plaintiff never disputes that she could have originally brought her claim in Texas.

To the extent Plaintiff's argument is based purely around Fifth Amendment's guarantee of due process, rather than the venue statute, her argument fares no better. As the Magistrate Judge discussed at length, the Due Process Clause's "requirement of personal jurisdiction protects the right of a defendant to defend himself in a forum where he resides or conducts business. It does not protect the right of a plaintiff to bring suit in a forum that is convenient for him." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint."). Thus, the district court did not abuse its discretion when it accepted the Magistrate Judge's recommendation to deny Plaintiff's request to retransfer the case back to the District of Nevada.

## C

Third, the district court did not err when it failed to grant Plaintiff leave to amend her complaint. Plaintiff failed to respond to Defendants' motion to dismiss and did not request leave to amend her complaint before the Magistrate Judge issued his recommendation. She only sought leave when she filed her objections to the Magistrate Judge's recommendation. However, "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court and therefore cannot be raised on appeal." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (unpublished) (citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994)). Therefore,

No. 23-11225

"we reject [the Plaintiff's] untimely attempt to request leave to amend and deem the issue duly waived." *Id.*

D

Fourth, and finally, we find that the district court did not err when it accepted the Magistrate Judge's finding that Southwest's policies do not violate 21 U.S.C. § 360bbb–3. Plaintiff argues that contrary to the Magistrate Judge's recommendation, the statute does apply to private sector companies like Southwest. But this claim has no basis in law. Title 21, United States Code, Section 360bbb–3 governs the Food and Drug Administration, not private companies, and merely relates to emergency authorization for medical products. *See Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd sub nom. Bridges v. Methodist Hosp.*, No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022) ("[21 U.S.C. § 360bbb–3] has no bearing on private companies. It neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker."). The district court did not err when it dismissed this claim.

IV

For the foregoing reasons, we AFFIRM the district court's judgment.