# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2016

Lyle W. Cayce
Clerk

HAROLD JOE BLACK,

> Plaintiff - Appellant

v.

SUSAN GRIFFIN; QUINTILLIS K. LAWRENCE; DEE D. DRELL; JAMES
D. KIRK; S. MAURICE HICKS; MARK L. HORNSBY; ROY S. PAYNE;
BRIAN A. JACKSON; JOHN DOE; JUDGE  CALDWELL; JOHN SMART;
DONALD E. WALTER,

> Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-3374

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Pro se Plaintiff–Appellant Harold Joe Black was previously sanctioned by the district court.  This sanction required Black to seek approval from the court prior to filing any new civil complaints.  He subsequently sought the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30291

district court's approval for a complaint alleging various violations of his constitutional rights and seeking compensation pursuant to 42 U.S.C. § 1983. The district court concluded that his complaint was "clearly frivolous" and denied authorization for Black to proceed with his complaint. We agree and therefore AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff–Appellant Harold Joe Black filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on December 3, 2014. Black was previously convicted of distribution of cocaine by a Louisiana state court and was sentenced to 15 years imprisonment. His conviction and sentence were affirmed on direct appeal, and his various attempts to obtain postconviction relief were denied by federal and state courts. While incarcerated, Black filed numerous frivolous civil actions and was eventually barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). After his release in 2013, Black filed a new civil action, and on June 15, 2014, the district court dismissed this action as frivolous and sanctioned Black. The court specifically prohibited Black from filing new civil actions in the Western District of Louisiana without first obtaining the approval and authorization of the chief judge of the district.

In the instant case, Black named as defendants several United States district and magistrate judges, a number of state judges and other officials, and all of the defendants identified in the civil actions he filed in the Western District of Louisiana between 2001 and 2013. He alleged that Defendants violated his constitutional rights to equal protection and access to the courts. In particular, he appears to take issue with Defendants' dismissal of various complaints and petitions and Defendants' imposition of strikes pursuant to 28 U.S.C. § 1915(g). Because the chief judge of the district was named as a defendant, Black's complaint was referred to another judge for approval and authorization consistent with the sanctions previously imposed on him.

2

No. 15-30291

After reviewing his complaint, a magistrate judge recommended that the complaint be dismissed with prejudice.  The magistrate judge noted that all of Black's § 1983 claims against judicial officers were barred by judicial immunity.   The magistrate judge further noted that all of Black's remaining claims were barred by the applicable statute of limitations.  The district court adopted the magistrate judge's report and recommendation and entered judgment on January 9, 2015, ordering that "authorization to file this clearly frivolous complaint is denied."  The district court reopened the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and Black timely appealed.

## II. STANDARD OF REVIEW

We review a district court's enforcement of its own sanctions for abuse of discretion.  *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) ("We review sanctions imposed upon vexatious or harassing litigants by the district court for an abuse of discretion*.")*.  We have previously recognized that barring a litigant from filing future complaints without the consent of the court is an appropriate sanction for filing multiple frivolous complaints.  *Id.* at 1067 ("We have affirmed a district court's sanction barring a litigant from filing future civil rights complaints without the prior consent of a district court or magistrate judge.").  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. BLACK'S COMPLAINT IS CLEARLY FRIVOLOUS

Because of the number and nature of Black's previous filings, the district court required Black to seek the authorization of the court before filing any new civil action.  In enforcing its previously imposed sanction, the district court reviewed the complaint Black sought to file in this case.  After doing so, the court declined to authorize the complaint's filing, finding that it was "clearly

3

frivolous."[1]   We agree that Black's complaint is "clearly frivolous," and accordingly find no abuse of discretion by the district court.

Black's complaint contains a variety of allegations that Defendants violated his constitutional rights and claims for damages arising from those violations; however, none of the claims he advances has any merit.   All of his claims against federal and state judges are barred by the doctrine of judicial immunity.  "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Accordingly, all of Black's claims against judicial officials, which arise exclusively out of those officials' execution of their judicial functions, are barred.

Black's remaining claims are likewise barred by the statute of limitations governing claims brought pursuant to 42 U.S.C. § 1983.  The Supreme Court has held that "§ 1983 claims are best characterized as personal injury actions."  *Wilson v. Garcia*, 471 U.S. 261, 280 (1984), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a).  Accordingly, the Court explained that the statute of limitations for § 1983 actions is the same as the statute of

---

[1] Black is not proceeding *in forma pauperis* in this action, and the district court did not explicitly conclude that his complaint was "clearly frivolous" under the provisions of 28 U.S.C. § 1915.  However, the Supreme Court has recognized that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915[(e)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."  *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989).

limitations governing personal injury actions in the state where the § 1983 claims accrue. *Id.*; *see also Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007) ("In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts."). This court has previously approved the application of the "one-year liberative prescriptive period" found in Louisiana Civil Code article 3492 to § 1983 actions.[2] *Bourdais*, 485 F.3d at 298.

While state law provides the statute of limitations for § 1983 claims, the date of accrual for these claims is a question of federal law. *Piotrowski v. City of Hous.*, 51 F.3d 512, 516 (5th Cir. 1995). "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). A plaintiff need not know that a legal cause of action exists; rather, he must only be aware of facts that would support the cause of action. *Id.*; *see also Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1980).

In this case, all of the claims Black presses on appeal that are not barred by judicial immunity occurred during his arrest, trial, and incarceration. As noted in Black's complaint, he was released from prison on May 30, 2013, so that was the last day all of his remaining claims could have accrued. He filed the instant complaint on December 3, 2014—approximately eighteen months

---

[2] The statute provides in full:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

La. Civ. Code Ann. art. 3492

No. 15-30291

after his claims accrued—which is well outside the one-year period of limitations under Louisiana law. *See* La. Civ. Code Ann. art. 3492. Therefore, all of the remaining claims are clearly barred by the statute of limitations.

Because all of Black's claims are clearly barred as a matter of law, we conclude that they "lack[] an arguable basis . . . in law." *Neitzke,* 490 U.S. at 325. Accordingly, we agree with the district court that Black's complaint is "clearly frivolous." Because his complaint is clearly frivolous, we find that the district court did not abuse its discretion when it denied authorization to file the complaint.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.