# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2021

Lyle W. Cayce
Clerk

No. 19-30932
Summary Calendar

Harold Joe Black,

*Plaintiff—Appellant*,

*versus*

Susan Griffin, *Attorney*; Unknown Rachal, *DOC's 2013 Time Computation Officer with DOC's 1985-1986 Good Time Computation Officials*; Unknown Dupuy; Unknown Cater; Sander Ardoin, *Checker*; Unknown Shaver, 1984 Condition of Probation; Unknown Morgan, *DOC's District Administrator*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-686

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

After serving a 15-year jail sentence on a Louisiana conviction of distribution of cocaine, Harold Joe Black, former Louisiana inmate # 111111, was released from prison on May 30, 2013. His post-release supervision ended on October 29, 2013.

Black now appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he argued that the defendants violated his constitutional rights by prolonging his stay in jail and by not certifying that his citizenship rights were reinstated when his supervision terminated. Because the district court dismissed his complaint under § 1915(e) on the grounds that it was both frivolous and failed to state a claim for relief, we review the judgment of dismissal *de novo*. *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 308–09 (5th Cir. 2017). We "will uphold a dismissal if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quotation marks and citation omitted).

Because there is no federal statute of limitations for § 1983 actions, the applicable limitations period and tolling provisions are borrowed from state statutes. *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). In Louisiana, the applicable limitations period is one year. *Id.* at 158. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (quoting *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)).

Black argues that his claims have been continuously tolled by the pendency of his state postconviction application and his earlier § 1983 complaints. Upon *de novo* review, however, we agree with the district court — Black did not demonstrate interruption with respect to any of his facially

expired claims. *See Trizec Props., Inc. v. U.S. Min. Prods. Co.*, 974 F.2d 602, 607 (5th Cir. 1992). The district court's judgment of dismissal is therefore AFFIRMED.

This is Black's second complaint raising the cause of action against Griffin since our decision in *Black v. Griffin*, 638 F. App'x 371 (5th Cir. 2016), in which we affirmed the dismissal of that cause of action as barred by the statute of limitations. Black is therefore WARNED that the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.